UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIXON HOLDINGS, LLC.,**

 **Plaintiff,**

**v.**            **Case No. 8:25-mc-40-WFJ-AAS**

**RENATA ANGIOLI,**

 **Defendant.**

_____/

**REPORT & RECOMMENDATION**

 This Report and Recommendation addresses Defendant Renata Angioli's Claim of Exemption and Request for Hearing (Doc. 33). Attorney Steve Berman, counsel for Plaintiff Dixon Holdings, LLC (Dixon Holdings), received Ms. Angioli's Claim of Exemption and Request for Hearing, which is dated February 7, 2026. (Doc. 33-1). On February 19, 2026, Attorney Berman filed Ms. Angioli's Claim of Exemption and Request for Hearing. (Doc. 33). On April 9, 2026, Ms. Angioli moved to dismiss this action. (Doc. 43).

**I. Background and Procedural History**

 On June 23, 2025 Plaintiff Dixon Holdings, LLC (Dixon Holdings) obtained a Supplemental Final Judgment against Defendant Renata Angioli. Dixon Holdings registered the judgment in this court on November 11, 2025. (Doc. 1). Thereafter, Dixon Holdings filed Motions for Writs of Garnishment

1

(Docs. 2, 3, 4). The court granted the motions and directed the Clerk of Court to issue the writ of garnishment. (Docs. 5, 6, 7). On October 3, 2025 the court issued writs of garnishment against Wells Fargo Bank, Bank of America, and JPMorgan Chase Bank. (Docs. 8, 9, 10).

On December 5, 2025, Dixon Holdings served Ms. Angioli with notice of the writ pursuant to § 77.401, Florida Statutes. (Doc. 14). This notice included the Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property. (*Id.*). Then, on January 29, 2026 Dixon Holdings served Ms. Angioli with the statutory notice required under § 77.055, Florida Statutes.[1] (Doc. 29).

Ms. Angioli sent her sworn claim of exemption and request for hearing to the plaintiff's attorney Steven Berman.[2] On February 19, 2026, Attorney Berman filed a Notice including Ms. Angioli's claim of exemption and request for hearing. (Doc. 33).

## II.    Applicable Law

Pursuant to Federal Rule of Civil Procedure 69(a), Florida law applies to

---

[1] The plaintiff's motion for determination of garnishee liability (Doc. 32), also states, "On January 8, 2026, plaintiff served Defendant with the statutory notice required under § 77.055, Florida Statutes, regarding [JPMorgan Chase Bank's] failure to timely answer and Defendant's right to seek dissolution." (Doc. 32, p. 2).

[2] The specific date Ms. Angioli mailed or emailed the claim of exemption to Attorney Berman is not apparent from the record. The claim of exemption is dated and notarized as February 7, 2026.

this matter. *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015), *aff'd sub nom. Regions Bank v. G3 Tampa, LLC*, 766 Fed. App'x 772 (11th Cir. 2019) ("Pursuant to Fed. R. Civ. P. 69(a), in proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located."); *Nationwide Judgment Recovery, Inc. v. Cundiff*, No. 8:21-MC-114-MSS-AEP, 2023 WL 4931165 at *1 (M.D. Fla. Feb. 15, 2023), *report and recommendation adopted sub nom. Nationwide Judgment Recovery, Inc v. Cundiff*, No. 8:21-MC-114-MSS-AEP, 2023 WL 4931161 (M.D. Fla. Mar. 6, 2023) (applying Florida law to the writ of garnishment and claim of exemption). Under Florida law, garnishment statues must be strictly construed. *E.g., Cundiff*, 2023 WL 4931165 at *1, *report and recommendation adopted sub nom. Cundiff*, 2023 WL 4931161 ("Florida law requires garnishment statutes . . . to be strictly construed.") (quotation omitted)).

After issuance of the writ, "[t]he plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later." Fla. Stat. 77.041(2). The Notice to Defendant states, in pertinent part:

IF AN EXEMPTION FROM GARNISHMENT APPLIES TO YOU

3

AND YOU WANT TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO RECOVER ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. IF YOU HAVE A VALID EXEMPTION, *YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS*. NOTE THAT THE FORM REQUIRES YOU TO COMPLETE A CERTIFICATION THAT YOU MAILED OR HAND DELIVERED COPIES TO THE PLAINTIFF OR THE PLAINTIFF'S ATTORNEY AND THE GARNISHEE OR THE GARNISHEE'S ATTORNEY.

Fla. Stat. § 77.041(1) (emphasis added).

Relatedly Section 77.041(3) of the Florida Statutes states:

Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3).

Service of the writ on the garnishee makes the garnishee "liable for all debts due by [the garnishee] to defendant and for any tangible or intangible personal property of the defendant in the garnishee's possession or control . . . and creates a lien in or upon any such debts or property." Fla. Stat. § 77.06(1). Then,

> [w]ithin 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.

Fla. Stat. § 77.055. The defendant (or any other person having ownership of the property) then has twenty days in which to file a motion to dissolve the writ of garnishment. Fla. Stat. § 77.07(2). "Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved." *Id.*

### III.  Analysis

Pursuant to Section 77.041(2), Fla. Stat., on December 5, 2025, Dixon Holdings mailed, by first class mail: (1) a copy of the of the writ of garnishment issued on October 3, 2025 directed to Well Fargo Bank, N.A., Bank of America, N.A., and JPMorgan Chase Bank, N.A.; (2) a copy of the motion for issuance of writ of garnishment directed to the Banks; and (3) Notice to Defendant of Right Against Garnishment of Wages, Money and Other Property. (Doc. 14). Therefore, Ms. Angioli had 20 days from the date of December 5, 2025 to file the claim of exemption form and request for hearing with the clerk's office and

5

complete a certification that she mailed a copy to the plaintiff or plaintiff's attorney and the garnishee or garnishee's attorney.

Ms. Angioli did not comply with the statute's requirements. She did not file the form attached to Section 77.041 within 20 days after receiving the notice. In addition, she only sent the form to the plaintiff's attorney. The statute, which must be strictly construed, required Ms. Angioli to file the form with the Clerk's Office and hand deliver or mail a copy to the garnishee or garnishee's attorney in addition to the plaintiff's attorney. Further, Ms. Angioli did not timely move (within 20 days) to dissolve the writ after receiving notice pursuant to Section 77.055, Fla. Stat. on January 29, 2026.

## IV.    Conclusion

Accordingly, it is recommended that Ms. Angioli's claim of exemption and request for hearing (Doc. 33) be **DENIED**. *See Branch Banking & Tr. Co. v. Carrerou*, 730 Fed. App'x 869, 871 (11th Cir. 2018) (affirming the district court and stating "by failing to timely file the claim of exemption and motion to dissolve, [the defendant] forfeited his exemption claim and his opportunity to dissolve the writ"); *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009) (noting "that section 77.041 does not provide a procedure for a garnishment defendant to file an untimely exemption claim. Rather, it warns that the person can lose important rights by failing to file a timely exemption.").

**ENTERED** in Tampa, Florida on April 17, 2026.

6

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.