UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIXON HOLDINGS, LLC.,**

      **Plaintiff,**

**v.**                             **Case No. 8:25-mc-40-WFJ-AAS**
                                                  **8:25-mc-41-WFJ-AAS**
                                                  **8:25-mc-42-WFJ-AAS**

**RENATA ANGIOLI,**

      **Defendant.**

_____/

## REPORT & RECOMMENDATION

Defendant Renata Angioli, proceeding pro se, moves to dismiss with prejudice this action (25mc40), a related case (8:25-mc-00041-WFJ-AAS), and any other related actions.[1] (Doc. 43). Ms. Angioli also requests the release of all funds from the garnished accounts. (*Id.*). Plaintiff Judgment Creditor Dixon Holdings, LLC (Dixon Holdings) responded in opposition. (Doc. 52).

## I.    Background

On May 28, 2026, the court entered an order consolidating *Dixon Holdings, LLC v. Renata Angioli*, No. 8:25-mc-41-WFJ-AEP, and *Dixon Holdings, LLC v. Renata Angioli*, No. 8:25-mc-42-WFJ-LSG into *Dixon*

---

[1] Ms. Angioli filed an identical motion to dismiss in the related action (8:25-mc-00041-WFJ-AAS).

1

*Holdings, LLC v. Renata Angioli*, No. 8:25-mc-40-WFJ-AAS. (Doc. 61). That order also ordered that the Clerk directly assign all three actions to the undersigned magistrate judge in conformity with Local Rule 1.07(b). (*Id.* at p. 2).

Ms. Angioli moves to dismiss this action and release the garnished funds. (25mc40, Doc. 43 and 25mc41, Doc. 9).

## II.   Analysis

Ms. Angioli does not present a valid legal justification to dismiss this action, dissolve the writs, or released the garnished funds.

Upon review of the record, Dixon Holdings properly registered the subject judgments in this court and properly complied with the Florida garnishment laws, including the laws governing notice requirements. *See* Fed. R. Civ. P. 69(a) ("The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Therefore, the undersigned recommends finding Ms. Angioli's contentions regarding service and proper notice are without merit. *See* (25mc40, Doc. 43, ¶¶ 1, 2, 3, 8, 10).

The burden falls on Ms. Angioli to prove her entitlement to one of the statutory exemptions. *Stone Invest Dakota LLC v. De Bastos*, No. 17-61422, 2019 WL 5291003 at *3 (S.D. Fla. Aug. 19, 2019), *report and recommendation*

*adopted*, No. 17-61422-CIV, 2019 WL 5290853 (S.D. Fla. Aug. 28, 2019). The court recently denied Ms. Angioli's claim of exemption finding Ms. Angioli failed to timely file a completed form for claim of exemption and failed to timely move to dissolve the writ of garnishment after receiving notice. (25mc40, Doc. 51). To the extent Ms. Angioli now attempts to claim exemptions or dissolve the writ under a theory of joint account ownership or New York law (25mc40, Doc. 43, ¶¶ 4−7) the undersigned recommends finding Ms. Angioli's contentions are without merit because the claimed exemptions are waived.

Accordingly, it is **RECOMMENEDED** that the motion to dismiss (25mc40, Doc. 43; 25mc41, Doc. 9) be **DENIED**.

**ENTERED** in Tampa, Florida on June 2, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right

3

to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.