**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DIXON HOLDINGS, LLC,**

**Plaintiff,**

**v.** **Case No.: 8:25-mc-40-WFJ-AAS**

**RENATA ANGIOLI,**

**Defendant.**
______________________________________/

**ORDER**

Defendant Renata Angioli moves to vacate a default judgment entered against her. (Doc. 106, 107). Plaintiff Dixon Holdings, LLC ("Dixon") opposes the motion. (Doc. 108).

Ms. Angioli claims she was never properly served according to Florida or New York law. (Doc. 106). Ms. Angioli also claims the court lacks personal jurisdiction and has violated her due process rights because Dixon has not proven proper service. (*Id.*). Ms. Angioli justifies her contentions through statements concerning the difficulty of obtaining paperwork related to the case and claims of New York's proof of service requirements. (Docs. 106, 107). Ms. Angioli does not cite to any authority to support her claims. (*See Id.*).

The court ruled on these issues in previous filings. On February 19, 2026, Ms. Angioli filed a claim of exemption from garnishment. (Doc. 33). On April 17, 2026, the undersigned recommended denying Ms. Angioli's claim of

exemption, holding Florida law applied to this matter under Federal Rule of Civil Procedure 69(a) and that Dixon properly served the notices pursuant to Section 77.041(2), Fla. Stat. (Doc. 45). The court adopted the report and recommendation in all respects. (Doc. 51).

On April 6, 2026, Ms. Angioli filed a motion to dismiss raising similar arguments concerning service, notice, and enforcement. (Doc. 43). The undersigned recommended denying the motion because Ms. Angioli did not present a valid legal justification to dismiss the action, dissolve the writs, or release the garnished funds. (Doc. 62 at p. 2). Again, the undersigned held Dixon properly complied with Florida garnishment laws, including laws governing notice requirements. (*Id.*). The court adopted the report and recommendation in all respects. (Doc. 83).

Ms. Angioli does not advance any novel arguments in the instant motion. Ms. Angioli again relies on arguments concerning the inadequacy of New York registrations, service, and notice concerning the default judgment to establish a basis to disturb the writs issued in this proceeding. (*See* Docs. 106, 107). The court established Florida law applies in this action and Dixon properly complied with Florida garnishment laws. Ms. Angioli cannot rely on alleged inadequacies in New York proceedings to justify relief in this case.

Accordingly, the court finds Renata Angioli's Motion to Vacate Default Judgment (Docs. 106, 107) is **DENIED.**

**ORDERED** in Tampa, Florida on November 2, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge